TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:     213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff TACORI ENTERPRISES,

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACORI ENTERPRISES, | Case No. 2:15-cv-8293 MWF (KSx) |
| Plaintiff, | **CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST HIR INDUSTRIES, INC. AND HOWARD ROTHAUSER** |
| v. | |
| HIR INDUSTRIES, INC., a Florida corporation; and HOWARD ROTHAUSER, an individual, | |
| Defendants. | |

1128145.2

Plaintiff, Tacori Enterprises ("Tacori"), and Defendants HIR Industries, Inc. ("HIR") and Howard Rothauser ("Rothauser") (collectively, "Defendants"), having settled this action on the terms and conditions stated herein and pursuant to the Settlement Agreement attached to this Consent Judgment as Exhibit A, and incorporated fully herein, it is ORDERED, ADJUDGED, and DECREED as follows:

1. This case is a civil action arising under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, the Lanham Act of 1946 as amended, 15 U.S.C. §§ 1051, *et seq.*, and California statutory and common laws.  This Court has jurisdiction over these claims under 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331, 1338(a) - (b), and 1367(a).

2. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

3. Tacori is a California corporation with its principal place of business at 1736 Gardena Avenue, Glendale, California, 91204.

4. HIR, a Florida corporation, has its principal place of business at 1953 North Federal Highway, Boca Raton, Florida 33432.

5. Rothauser is the owner, director and officer of HIR, and has his principal place of business at 1953 North Federal Highway, Boca Raton, Florida 33432.

6. At all relevant times, Tacori complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyrights of ring styles HT 2229 and HT 2229A (collectively, the "Tacori Copyrights"). Copies of the Certificates of Registration for the Tacori Copyrights are attached to this Consent Judgment as Exhibit B.

7. The Tacori Copyrights are strong, valid, and enforceable.

8. Tacori owns a United States trademark registration for the Tacori Crescent Trade Dress, Registration No. 3,728,425.  The Tacori Crescent Trade Dress, as it applies to rings and some pieces of jewelry, is defined as "…the appearance of portions of two essentially concentric rings, with one of the rings having a larger diameter than the other. Embedded between the rings are repeating semi-circles or arcs which appear contiguous to each other.  A space is created between the contiguous semi-circles or arcs."  A copy

of the Registration Certificate for this registration is attached to the Consent Judgment as Exhibit B.

9. The Tacori Crescent Trade Dress is valid and enforceable.

10. Judgment shall be entered in favor of Tacori and against Defendants on the Complaint in the amount of $30,000, which reflects a reimbursement of Tacori's attorneys' fees, Tacori's lost profits and statutory damages for Defendants selling rings which infringe the Tacori Copyrights and the Tacori Crescent Trade Dress.

11. Defendants and Defendants' shareholders, officers, directors, employees, representatives, agents, successors-in-interest, parent corporations, subsidiary corporations, affiliated companies, and all other persons, firms or entities acting in concert or participating with them, are permanently enjoined, directly and indirectly, from:

(a) imitating, copying or making unauthorized use of, or engaging in any unauthorized distribution of products protected by the Tacori Copyrights or the Tacori Crescent Trade Dress;

(b) selling, distributing, advertising, manufacturing, or purchasing Defendants' ring product codes 10977, 13446, 12684, 10971, 10956, 10982, and 13269. Pictures of Defendants' website displaying these rings are attached to this Consent Judgment as Exhibit C;

(c) selling, distributing, advertising, manufacturing, or purchasing any piece of jewelry substantially similar to the Tacori Copyrights;

(d) selling, distributing, advertising, manufacturing, or purchasing any piece of jewelry confusingly similar to the Tacori Crescent Trade Dress;

(e) engaging in any other activity constituting an infringement of the Tacori Copyrights or the Tacori Crescent Trade Dress; and

(f) knowingly assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 11(a) through 11(e) above.

3

1128145.2

12. The parties waive notice of entry of this Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity and consent to its immediate entry in accordance with its terms. This Court expressly retains jurisdiction over this matter to enforce, implement or construe this Consent Judgment and Permanent Injunction.

**SO ORDERED.**

Dated: January 8, 2016

_____
Hon. Michael W. Fitzgerald
United States District Judge

4

1128145.2

The individuals executing this Consent Judgment and Permanent Injunction represent or confirm that they are duly authorized to do so, and are similarly authorized to bind each of the signatories to this Consent Judgment and Permanent Injunction.

CONSENTED TO:

TACORI ENTERPRISES

Dated: December __, 2015

By: _____
    Haig Tacorian

HIR INDUSTRIES, INC.

Dated: December __, 2015

By: _____
    Howard Rothauser

Dated: December __, 2015

_____
    Howard Rothauser

Respectfully Submitted,

5

1128145.2